Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5550 | **DATE** | 9/4/2001 |
| **CASE TITLE** | Stewart vs. Harrah's Illinois Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants the Joliet defendants' motion [141] for summary judgment on Count I, dismisses Counts VII and XII in their entirety for want of jurisdiction and denies the balance of the Joliet defendants' motion and the Harrah's defendants' motion [148] as moot. Pretrial conference set for 9/4/01 is stricken and trial set for 9/10/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 5 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 153 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 SEP -4 PM 3:04 | 9/4/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD7 mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BARRY STEWART,  )
 )
    Plaintiff,  )
 )
v.  ) No. 98 C 5550
 )
HARRAH'S ILLINOIS CORP., *et al*,  )
 )
    Defendants.  )

DOCKETED
SEP 0 5 2001

## MEMORANDUM OPINION AND ORDER

On July 17, 2000, the Honorable Rebecca R. Pallmeyer, the district judge previously assigned to this case,[1] granted in part and denied in part the motions for summary judgment of defendants Harrah's Illinois Corporation ("Harrah's"), Charles Andrews, and Terry Bulliner (collectively, "the Harrah's defendants"), and the City of Joliet, Illinois, and Bruce Larson (collectively, "the Joliet defendants") for various counts of plaintiff's complaint. *See Stewart* v. *Harrah's Ill. Corp.*, 98 C 5550, 2000 WL 988193 (N.D. Ill. July 18, 2000).[2] Presently, the remaining defendants renew their summary judgment motions based on the recent Supreme

---

[1] This case was reassigned to this court, via an executive committee order, on September 5, 2000.

[2] The complaint contained the following eleven counts: excessive force in violation of 42 U.S.C. § 1983 against Larson and Harrah's (count I); illegal arrest against Larson and Harrah's in violation of § 1983 (count II); conspiracy to use excessive force and secure an illegal arrest in violation of § 1983 against Harrah's, Larson, Bragdon, Andrews, and Bulliner (count III); neglect to prevent excessive force and false arrest in violation of 42 U.S.C. § 1986 against Bragdon, Andrews, and Bulliner (count IV); malicious prosecution against Harrah's, Bragdon, and Bulliner (count V); race discrimination in violation of 42 U.S.C. § 1981 against Larson (count VI); battery under Illinois common law against Larson, Andrews, and Bulliner (count VII); common law negligence and willful and wanton misconduct against Harrah's for failure to properly hire, train, and supervise security personnel (counts VIII and IX); and § 1983 violation against the City of Joliet and Beazley for promoting a custom or policy of failing to properly train, supervise, and discipline its officers (counts X and XI).
    Summary judgment was granted in favor of the Joliet defendants on Counts II and VI and denied on Counts I and VII, in favor of the Harrah's defendants on counts I-V and denied on Count VII. Judge Pallmeyer deferred consideration of counts VIII through XI, and, on September 26, 2000, the parties entered into a stipulation to dismiss counts X and XI. Moreover, on January 4, 2001, this court granted Harrah's motion for summary judgment on counts VIII and IX. On February 9, 2001, plaintiff filed an amended complaint adding a count XII for damages against Harrah's based on vicarious liability for Andrews' and Bulliner's actions.

Court decision in *Saucier* v. *Katz*, 531 U.S. 991 (2001). The Joliet defendants renew their motion on count I for excessive force under 42 U.S.C. § 1983 and on count VII for common law battery, and the Harrah's defendants renew their motion on counts VII, and on count XII for vicarious liability against the Harrah's corporation.

Judge Pallmeyer's July 17 ruling set forth the undisputed facts pertinent to the pending motions, and neither party has asserted the need to expand the factual record.[3] 2000 WL 988193, at *1 - *5. Therefore, the court will not summarize the facts but, instead, only refer to relevant facts as necessary. Neither is it necessary to repeat the standards for summary judgment review articulated in Judge's Pallmeyer's opinion. *Id.* at *6. The motions are properly before the court because the denial of summary judgment is not a final judgment and has no res judicata effect. *Whitford* v. *Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). "A renewed or successive summary judgment motion is appropriate especially if . . . an intervening change in controlling law" has occurred. *Id.* For the reasons articulated below, the court grants the Joliet's defendants' motion as to count I and declines jurisdiction over the state court claims.

## DISCUSSION

In *Saucier*, the Court modified its test for qualified immunity in excessive force cases laid down in *Graham* v. *Connor*, 490 U.S. 386 (1989). *Graham* had held that excessive force claims against law enforcement officers must be measured under the Fourth Amendment's reasonableness standard: "the question is whether the officers' actions are 'objectively

---

[3]Indeed, the movants specifically ask the court to rely on Judge Pallmeyer's rulings. Although plaintiff fails to similarly rely upon Judge Pallmeyer's finding and cites to his, Bulliner's, and Larson's depositions when reciting facts, plaintiff neither argues the existence of new evidence that was not before Judge Pallmeyer at the time she made her factual findings nor sets forth additional facts in a statement as directed by Local Rule 56.1. Hence, the court will ignore plaintiff's factual assertions to the extent they in any way deviate from those contained in Judge Pallmeyer's opinion.

reasonable' in light of the facts and circumstances confronting them." *Id.* at 397. In *Saucier*, the Court enunciated a two-part inquiry. The threshold question is, "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" 121 S. Ct. at 2156. (This appears to be the *Graham* inquiry, that is, could the officer's actions be viewed as objectively unreasonable?) Second, "if a violation could be made out on a favorable view of the parties' submissions," the court must then determine "whether the right was clearly established" at the time of the incident. *Id.* The Court elaborated as follows:

> "[T]he right the official is alleged to have violated must have been 'clearly established' in a ... particularized ... sense: The contours of that right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." [*Anderson* v. *Creighton*,] 483 U.S. [635], 640 [1987]. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

121 S. Ct. at 2156.

Judge Pallmeyer's decision, issued before *Saucier*, for obvious reasons did not apply its two-part analysis. Instead, Judge Pallmeyer, as had been customary since *Graham*, assumed that it was clearly established at the time Larson acted that use of excessive force in an arrest violated the Fourth Amendment and focused her analysis on the question whether, taking into account the particular circumstances presented to Larson, Larson's use of force was excessive. While observing that "the undisputed facts show not only that [plaintiff] was uncooperative, but also that he moved in close to Larson and had repeatedly threatened [Larson] with violence," 2000 WL 988193, at *7, applying *Graham*, Judge Pallmeyer found that even though a "takedown" "may well have been" an objectively reasonable response by Larson, a fact issue existed

3

concerning the manner in which it was carried out. According to plaintiff, the court observed, "Larson punched Stewart in the chest, attempted to slam his head against the counter, and stomped on his upper back." 2000 WL 988193, at *7 - *8. Because of disputes of fact surrounding the takedown, the court denied summary judgment, 2000 WL 988193, at *9, citing familiar language in *Meyer v. Robinson*, 992 F.2d 734, 737 (7th Cir. 1993): "[I]f parties were disputing who did what, when, any questions of qualified immunity would have to wait until those facts were resolved." With this, immunity was denied.

*Saucier* instructs that Judge Pallmeyer should have continued her inquiry. Once having determined that under plaintiff's version of the facts, use of excessive force "could be made out," the court should then have engaged in the "clearly established" inquiry by determining whether it would have been clear to Larson (viewing the situation objectively) "that his conduct was unlawful in the situation he confronted." 121 S. Ct. at 2156. The Joliet defendants presently argue that plaintiff cannot withstand this analysis. They point to the undisputed evidence that "[a]t no time during or following his arrest did [plaintiff] complain of injuries or request medical or psychiatric assistance," *id.* at *5, and "[t]hat [plaintiff] lacked any physical injury as a result of the takedown," *id.* at *8. Based on these facts, the Joliet defendants argue that at the time of the alleged violation, it was not clearly established that a non-injurious use of force asserted against an uncooperative or threatening arrestee violated a constitutional right and support their argument by citing a number decisions of of the Seventh Circuit and within this court. Plaintiff, on the other hand, cites no case supporting his argument that the constitutional right allegedly violated was established at the time of the incident and merely argues that *Saucier* is distinguishable on its facts.

4

As when moving before Judge Pallmeyer, the Joliet defendants most heavily rely on *Cox v. North Towne Mall*, No. 95 C 50283, 1997 WL 760505 (N.D. Ill. Dec. 8, 1997). In *Cox*, the court, in *dicta*, discussed the use of non-injurious force against an uncooperative individual. In that case, police officers allegedly used excessive force by hitting the plaintiff in his stomach and "knocking the air out of him" after plaintiff refused to sit in a chair. Despite this treatment, plaintiff claimed no physical injury. *Id.* at *6 n.6. The court reasoned,

> The right to make an arrest necessarily carries with it the right to use some degree of force to effect it. *Frazell* v. *Flanigan*, 102 F.3d 877, 882 (7th Cir. 1996). The court must look to the facts or circumstances of each case, especially the severity of the crime, whether the suspect poses an immediate threat and whether he is actively resisting arrest or attempting to evade arrest. *Id.* at 882-83. . . .
> While there may have been a variety of ways in which Schmidt could have gained plaintiff's compliance, it cannot be said that the manner he chose was unreasonable under the circumstances. Nor does it make a difference that Schmidt used his fist. It is the severity and location of a blow that is significant and not necessarily the position of the hand that delivers it.

*Id.* Judge Pallmeyer disagreed with the *Cox* court's view that the lack of injury sustained by the plaintiff was so significant. She wrote,

> Under a totality of the circumstances approach, the lack of an injury may indeed militate against a finding of excessive force. Excessive force claims do not require physical injury, however. *See Lester* v. *City of Chicago*, 830 F.2d 706, 712 (7th Cir.1987). That Stewart lacked any physical injury as a result of the takedown should factor into the reasonableness calculus, but only when all the facts are undisputed. The facts presented in *Cox* do not appear to present the same sort of credibility determination that is required here. The *Cox* court makes no mention of whether the officer disputed hitting the plaintiff in the stomach. Here, not only does Larson dispute punching and stomping on Plaintiff, he maintains that he performed the takedown in a manner to minimize any potential physical harm. The court here is thus left with a factual dispute pitting the credibility of one party against the other.

2000 WL 988193, at *8. This comment, however, leads this court to believe that had Judge Pallmeyer had the benefit of *Saucier*, she would have reached a different conclusion. That an issue

5

of fact exists is immaterial. The question is whether under *plaintiff's* version of the facts, would an objective officer in Larson's shoes have known the force he used was excessive? This court has reviewed the evidence and agrees that where the court has already determined that a takedown was reasonable, the manner in which plaintiff claims this takedown was carried out was within boundaries of reasonableness. An officer is entitled to use force to effect an arrest, and the non-injurious forced used here would have appeared to Larson as reasonably necessary, not excessive. Although each case must be decided on the particular facts presented, this case is sufficiently similar to *Saucier* and to *Cox* to lead this court to conclude that an objective Larson would not have understood that the force he used against the plaintiff was excessive under the Fourth Amendment.[4] *See also Jones v. Webb*, 45 F.3d 178, 183-84 (7th Cir. 1995) (reasonable officer would have believed that holding a kicking and screaming twelve year old by the arm and neck and carrying him out of house entered without the owner's permission and then striking the boy's hand and directing the boy to the ground, via use of the officer's knee, was not excessive). As such, the court grants the Joliet defendants' motion for summary judgment on count I.

Having decided that summary judgment must be granted on the federal claim, the court declines to exercise supplemental jurisdiction over the remaining state law battery claim against Larson, Andrews and Bulliner. *See* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without

---

[4]The court agrees that physical injury is not necessarily required in an excessive force case, but where as here the force described is non-injurious and similar in degree to that described in the cited cases, the mere existence of a dispute of fact does not defeat the officer's immunity from suit.

prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## CONCLUSION

For the above stated reasons, the court grants the Joliet defendants' motion [#141] motion for summary judgment on count I, dismisses counts VII and XII in their entirety for want of jurisdiction and denies the balance of the Joliet defendants' motion and the Harrah's defendants' motion [ #148] as moot.

Date: September 4, 2001          Enter: *[signature]*
                                 JOAN HUMPHREY LEFKOW
                                 United States District Judge